UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| JAMES TOLLEFSON, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>ANADARKO PETROLEUM CORPORATION,<br><br>Defendant. | §§§§§§§§§§§§§§ CIVIL ACTION NO. 7:20-cv-00168 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Defendant Anadarko Petroleum Corporation ("Defendant") required Plaintiff James Tollefson ("Plaintiff") to work more than forty hours in a workweek. Unfortunately, Defendant failed to compensate Plaintiff at the rate of time and one half his regular rate of pay for all hours worked over forty in a workweek. Instead, Defendant paid Plaintiff on a day rate basis without any additional compensation for overtime wages.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Class Members." Plaintiff and the Class Members seek to recover their unpaid overtime wages, liquidate damages, expenses, costs of court, and pre and post judgment interest.

1

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District. Plaintiff performed duties for Defendant in this District, worked more than 40 hours in this District, and was denied overtime wages in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff James Tollefson is an individual residing in Bellingham, Washington. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years.

6. The Class Members are all current and former workers employed by Defendant and paid a day rate at any time during the three-year period before the filing of this Complaint.

7. Defendant Anadarko Petroleum Corporation is a corporation organized under the laws of Delaware. Defendant may be served process through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

13.     Defendant operates in the oil and gas industry and is one of the largest independent oil and gas exploration and production companies. To provide these services, Defendant employs hundreds of workers and pays them a day rate without overtime pay. For example, Defendant employs (1) safety inspectors, (2) welding inspectors, (3) NDE/NDT inspectors, (4) electrical and instrumentation inspectors, and (5) utility inspectors.

14.     Plaintiff worked for Defendant from approximately July 2019 to March 2020 as an inspector. He worked in Mentone, Texas. Plaintiff's job duties included inspecting welding work performed on pipelines.

15.     Defendant paid Plaintiff on a day rate basis.

16.     That is, Defendant paid Plaintiff a set amount per day regardless of the number of hours he worked each day or each week. Defendant did not pay Plaintiff a minimum, guaranteed amount each week.

17.     Instead, Plaintiff's compensation varied each week depending upon the number of days worked.

18.     Like Plaintiff, Defendant pays other employees on a day rate basis.

19.     Plaintiff regularly worked over 40 hours each week. He normally worked 5-6 days per week at 10-12 hours per day. However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

20. Plaintiff's schedule was similar to the schedule of the Class Members.

21. Like Plaintiff, the Class Members were paid on a day rate basis. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40.

22. The Plaintiff and Class Members were not exempt from the overtime requirements of the FLSA.

23. In fact, none of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff or the Class Members because they were not paid on a "salary" basis or "fee" basis.

24. Instead, Plaintiff and the Class Members were paid a day rate.

25. Further, the Department of Labor has stated that inspection work, of the type performed by Plaintiff and the Class Members, is not subject to the administrative exemption. The FLSA's regulations state as follows:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

26. Here, Plaintiff and the Class Members were manual laborers who performed routine inspection work. The administrative exemption does not apply to manual laborers like Plaintiff and the Class Members. *See* 29 C.R.R. § 541.3(a) (overtime exemptions do not apply to "'manual laborers' or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy.")

27. Moreover, Plaintiff and the Class Members performed work that was "service" related, which is distinct from "administrative" work. They worked outdoors performing manual labor tasks for Defendant's oil and gas operations.

28. Defendant's method of paying Plaintiff and the Class Members was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the law were willful.

## CAUSE OF ACTION

VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME

29. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

30. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation.

31. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

32. Defendant's compensation scheme applicable to Plaintiff and the Class Members failed to comply with 29 U.S.C. § 207(a)(1).

33. Defendant knowingly failed to compensate Plaintiff and the Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

34. During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described FLSA protections.

35. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

36. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

37. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all field workers employed by Defendant who were paid a day rate at any time during the three-year period before the filing of this Complaint.

38. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

39. Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty.  Plaintiff worked with other employees at multiple locations for Defendant.

40. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid in a similar manner, and were denied overtime pay.

41. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

42. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

43. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to pay its employees a day rate without overtime.

44. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

45. Class Members are not exempt from receiving overtime pay under the FLSA.

46. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

47. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

48. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

49. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

50. As such, the class of similarly situated employees is properly defined as follows:

**All current and former employees of Defendant who were paid a day rate at any time during the three-year period before the filing of this Complaint.**

## **WAGE DAMAGES SOUGHT**

51. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

52. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.  29 U.S.C. § 216(b).

53. Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

54. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   d. Pre and post judgment interest; and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By:  /s/ Don J. Foty
     Don J. Foty
     dfoty@hftrialfirm.com
     Texas State Bar No. 24050022
     4409 Montrose Blvd., Suite 200
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

And

SOSA-MORRIS NEUMAN, PLLC

Beatriz Sosa-Morris
Texas Bar No. 24076154
bsosamorris@smnlawfirm.com
John Neuman
Texas Bar No. 24083560
jneuman@smnlawfirm.com
5612 Chaucer Drive
Houston, TX 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

ATTORNEYS IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS